**Casey L. JONES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7615.**

Court of Appeals of Alaska.

May 11, 1984.

Fleur Roberts, Cowper & Madson, Fairbanks, for appellant.

Richard W. Maki, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Casey Jones was convicted of possession of cocaine, AS 17.10.010, and tampering with physical evidence, AS 11.56.610(a)(4). He appeals, contending that the evidence against him was obtained by an illegal search and seizure in violation of his rights under the Fourth Amendment to the United States Constitution and comparable provisions of our state constitution. He reasons that the search was pursuant to a warrant which was not based upon a sufficient showing of probable cause. We agree and reverse.

The search warrant issued in this case was based on the following affidavit of Officer James Fitzgerald:

---

1. That your affiant is a detective with the City of Fairbanks Police Department.

2. That B.V., a juvenile, whose name may be obtained through proper motion to the court, told your affiant that on June 12, 1982, B.V. went with another individual to Casey Jones' apartment located in Story Apartments at 119 Bridget Street in Fairbanks where B.V.'s companion purchased one half gram of cocaine.

3. B.V. stated to your affiant that he has been to Jones' apartment ten to fifteen times when he or his companions have purchased cocaine from Jones in the last few months.

4. That B.V. pointed out the entrance to Jones' apartment as the door on the northwest corner of the building at 119 Bridget Street, a multi-unit apartment building, said door leading down to Jones's apartment. The name Story Apartments appears on the front of the building. B.V. stated that Jones has a set of triple-beam scales that he uses for measuring cocaine in the apartment.

5. Officer Frank Colletta of the Metro Unit in Fairbanks told your affiant today that the entrance as described by B.V. is the entrance to Casey L. Jones' apartment.

6. That in my experience with the Metro Unit in Fairbanks, records of drug transactions, substantial U.S. currency and drug paraphernalia are often present in the residences of persons who sell cocaine.

7. Your affiant has eighteen months experience investigating drug cases with Metro Team, Fairbanks.

We do not believe that the foregoing affidavit provides sufficient information to enable a magistrate to independently determine probable cause under either current federal law, *see Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), or former law as enunciated in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

First, there is nothing in the affidavit establishing B.V.'s credibility or giving the magistrate an independent basis for evaluating B.V.'s truthfulness. Second, there is nothing in the affidavit indicating that an independent investigation was conducted to corroborate the accuracy of B.V.'s contention that Casey Jones was a cocaine dealer.

Moreover, B.V.'s statements that he had observed a friend purchase cocaine and that he had been to Jones's apartment ten to fifteen times when "he or his companions" had purchased cocaine do not qualify as the kind of declarations against penal interest which a court could find inherently credible. It is not a crime to be present when someone else is purchasing cocaine even though that someone else is a friend; nor would vague admissions about past purchases of cocaine support a criminal prosecution in the absence of evidence establishing a *corpus delicti* for a specific purchase. More significantly, the affidavit does not explain the circumstances under which B.V.'s statements were made. If B.V. was being prosecuted by juvenile authorities for drug transactions unrelated to Casey Jones, he would hardly view his statement that he had purchased cocaine in the past from Jones as increasing his exposure to criminal sanctions.

In summary, the magistrate simply did not have sufficient information in the affidavit to make a reasoned decision regarding issuance of the search warrant. Consequently, the warrant was improperly issued and the fruits of the search must be suppressed. Our disposition of this issue renders Jones's other contentions moot.

The judgment of the superior court is REVERSED.